Rick N. Bryson/Bar No. 010568
Edward R. Glady, Jr./Bar No. 009459
Benjamin K. Erlick/Bar No. 027176
**SANDERS & PARKS, P.C.**
3030 North Third Street, Suite 1300
Phoenix, AZ  85012-3099

Rick N. Bryson
  Direct Phone:  (602) 532-5710
  Direct Fax:  (602) 230-5014
  E-Mail: Rick.Bryson@SandersParks.com

Attorneys for Plaintiff
  Arizona Manufacturing & Embroidery, Inc.

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA
### DIVISION ONE

| | |
|---|---|
| Arizona Manufacturing & Embroidery, Inc., | Cause No. |
| Plaintiff, | |
| v. | **COMPLAINT AND JURY DEMAND** |
| PRG Americas, LLC, and PR Golf Distribution Ltd., | |
| Defendants. | |

Plaintiff Arizona Manufacturing & Embroidery, Inc. ("AM&E") brings this complaint for patent infringement against defendant PRG Americas LLC and PR Golf Distribution Ltd. and alleges as follows:

PARTIES

1. Plaintiff AM&E is a corporation incorporated under the laws of the State of Arizona, having its principal place of business at 1200 South Priest Drive, Tempe AZ 85281.  AM&E is the owner of the patent at issue in this action referenced in this complaint.

2. AM&E creates golf accessories used by golf club members, and golf professionals around the world.

3. Upon information and belief, Defendant PRG Americas, LLC ("PRGA") is a limited liability company organized and existing under the laws of the State of California, having its principal place of business at 500 Giuseppe Court Suite B, Roseville California 95678-6305.

4. Upon information and belief, Defendant PR Golf Distribution Ltd. ("PRGD") is a private limited company organized and existing under the laws of the United Kingdom, having its principal place of business at 38 Jubilee Road Newtownards, Ards BT23 4YH, United Kingdom.

5. Upon information and belief, Defendant PRGA imports and distributes golf accessories, is a direct competitor to AM&E, and does business in Maricopa County, Arizona.

6. Upon information and belief, Defendant PRGD designs and manufactures golf accessories, is a direct competitor to AM&E, and exports golf accessories for distribution in Maricopa County, Arizona.

## JURISDICTION AND VENUE

7. This is an action for damages and injunctive relief based upon patent infringement arising under Title 35 of the United States Code.

8. Upon information and belief, Defendants have transacted business in this District, contracted to supply goods or services in this District directly or through their agents, and have otherwise purposely availed themselves of the privileges and benefits of the laws of the State of Arizona. This Court has jurisdiction over Defendants because Defendants have committed acts of patent infringement during the course of their business in this District.

9.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patent Infringement).

10. Venue is proper in this District pursuant to 28 U.S.C. §§ 1400(b) and 1391.

## FACTS

11. U.S. Pat. No. 8,276,627, issued Oct. 2, 2012 entitled "Golf Club Head Cover with Snap Closure."  A true and correct copy of the '627 patent is attached hereto as Exhibit A to this Complaint.

12. AM&E is the owner of the '627 patent with the right to collect damages for all relevant times, and has the right to prevent others from making, having made, using, offering for sale or selling products or services covered by such patent, as well as the right to enforce the '627 patent with respect to Defendants.

## COUNT I.
### (Patent Infringement)

13. AM&E incorporates by reference paragraphs 1-12 above, as if fully set forth herein.

14. On information and belief, PRGA has infringed and continues to infringe; has induced and continues to induce others to infringe; and/or has committed and continues to commit acts of contributory infringement, literally or under the doctrine of equivalents, of one or more claims of the '627 patent.

15. On information and belief, PRGD has infringed and continues to infringe; has induced and continues to induce others to infringe; and/or has committed and continues to commit acts of contributory infringement, literally or under the doctrine of equivalents, of one or more claims of the '627 patent.

16. Defendants' infringing activities in the United States and this District include the development, manufacture, use, importation, sale, and/or offer for sale of products, including Defendants' blade putter covers series golf-club-head-cover products,

and inducing others to do the same. Such products have no substantial non-infringing use. Defendants' infringing activities violate 35 U.S.C. § 271.

17. On information and belief, Defendants have infringed and continue to infringe, directly, contributorily, and/or by inducement, one or more claims of the '627 patent in violation of 35 U.S.C. § 271, and are still doing so by making, selling, and/or offering for sale, one or more golf-club-head-cover products manufactured, designed and/or sold by Defendants, including blade putter covers series golf-club-head-cover products, and will continue to do so unless enjoined by this Court.

18. Upon information and belief, Defendants had actual knowledge of the '627 patent prior to engaging in its infringing activity. Defendants' infringement of the '627 patent is willful and deliberate.

19. AM&E has been and continues to be damaged by the infringement.

20. AM&E has and continues to incur irreparable harm that can only be fully redressed by injunctive relief pursuant to 35 U.S.C. § 283.

21. AM&E is entitled to treble damages, attorneys fees and costs pursuant to 35 U.S.C. §§ 284 and 285.

## PRAYER FOR RELIEF

WHEREFORE, AM&E prays for:

a. A judgment that Defendants have infringed, induced infringement of, and/or contributorily infringed, literally or under the doctrine of equivalents, the '627 patent, in violation of 35 U.S.C. § 271.

b. An injunction under 35 U.S.C. § 283 preliminarily and permanently enjoining and restraining Defendants, their officers, managers, members, agents, employees, parents, subsidiaries, principals, successors in interest, and those acting in concert with them from:

  i. from selling or offering to sell any product falling within the scope of the claims of the '627 patent;

  ii. from importing any product into the United States falling within the scope of the claims of the '627 patent;

  iii. from using any product falling within the scope of the claims of the '627 patent;

  iv. from actively inducing others to infringe any claims of the '627 patent;

  v. from engaging in acts constituting contributory infringement of any of the claims of the '627 patent;

  vi. from all other acts of infringement of any of the claims of the '627 patent;

 c. A declaration that Defendants' infringement of the '627 patent was willful and deliberate and that this case is exceptional pursuant to 35 U.S.C. § 285.

 d. An order requiring Defendants to account to AM&E for all the gains, profits and advantages realized from its infringement of the '627 patent.

 e. An award of damages adequate to compensate Plaintiff for Defendants' infringement of the '627 patent, including lost profits of AM&E, but in no event less than a reasonable royalty under 35 U.S.C. §284.

 f. An award of treble damages resulting from Defendants' willful and deliberate infringement, and all other categories of damages allowed by 35 U.S.C. § 284.

 g. An award of Plaintiff's costs, expenses, and attorneys' fees incurred in connection with this action, including pursuant to 35 U.S.C. § 285.

 h. An award of pre-judgment interest and post-judgment interest; and

 i. For such further relief as this Court deems Plaintiff may be entitled to in law and in equity.

**JURY DEMAND**

Plaintiff demands a jury trial on all issues triable to a jury in this matter.

**RESPECTFULLY SUBMITTED** this 15th day of January, 2015.

**SANDERS & PARKS, P.C.**


By  */s/ Rick N. Bryson*
   Rick N. Bryson
   Edward R. Glady, Jr.
   Benjamin K. Erlick
   3030 North Third Street, Suite 1300
   Phoenix, Arizona  85012-3099
   Attorneys for Plaintiff, ARIZONA
   MANUFACTURING & EMBROIDERY,
   INC.